WIILLIAM HASKELL *versus* ASA C. MITCHELL.

An assignment and delivery of a negotiable promissory note before maturity, without the indorsement of the payee, gives to the assignee only the rights of the payee.

And a contemporaneous promise by the payee to indorse, if not complied with until after maturity, will not avoid the defence of a want of consideration at the inception of the note.

A witness who has seen the horse in question and is acquainted with the value of horses, may be asked to state the difference in value between the horse as represented and as actually existing.

What is not such a misconduct on the part of the jury as will set aside a verdict.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding.

ASSUMPSIT on a promissory note by the indorsee against the maker.

It appeared that when the note was sold and delivered to the plaintiff, the payee agreed to indorse it without recourse at any time.

The presiding Judge instructed the jury, among other things, that, if the note in suit was sold and delivered to the plaintiff before it became due and payable, but was not indorsed by the payee till after it became payable, the defendant would have the same right to set up fraud or want of

consideration, at the inception of the note, as if the note had remained the property and the suit was in the name of the payee; that a promise to indorse before, if not complied with till after the note became payable, would not avoid such defence.

The verdict was for the defendant, and the plaintiff excepted.

The plaintiff also moved to set aside the verdict, because the foreman, in company with the officer having the jury in charge, came into Court, (leaving the remainder of the jury in their room,) and inquired of the presiding Judge which of the blank verdicts should be used if they found fraud, and that the damage to the defendant, by reason of the fraud, was equal to or more than the amount of the note, and then returned to the jury room.

*Fessenden & Frye*, for the defendant.

Although the clerical act of indorsing the note was not made until after maturity, still it was promised before and related back to the time of delivery. Chitty on Bills, (7th American ed.,) 116; *Smith* v. *Pickering*, Peake's Cases, 50; 1 Campb., 492; *Rolleston* v. *Herbert*, 3 Tenn., 411; 1 Rose, 14, a; *Baker* v. *Arnold*, 3 Caines' R., 279; *Ranger* v. *Carey*, 1 Met., 369.

The opinion of the witness was not admissible. *Lewis* v. *Brown*, 41 Maine, 451; 1 Greenl. on Ev., (7th ed.,) 575, note; *Robertson* v. *Stark*, 15 N. H., 109; *Rochester* v. *Chester*, 3 N. H., 349; *Peterborough* v. *Jaffrey*, 6 N. H., 462; *Whipple* v. *Walpole*, 10 N. H., 130.

*C. Record*, for the plaintiff.

APPLETON, C. J., — The note in suit was sold and assigned by delivery before and indorsed after its maturity. Before it was indorsed, and up to the time of its indorsement, a suit to enforce its payment must have been brought in the name of the payee. If so brought, it would have been competent for the maker to show fraud or a failure of

Haskell *v.* Mitchell.

consideration by way of defence. The plaintiff, by his purchase, acquired only the rights of an assignee. The indorsement after maturity enables the plaintiff to maintain an action in his own name, but it does not divest the defendant of the defence to which he was entitled prior to such indorsement. Such is the well settled law of this State, though it may be otherwise in England. *Calder* v. *Billington*, 15 Maine, 398; *Savage* v. *King*, 17 Maine, 301.

An exception is taken that a witness was asked in substance to state the difference in value between the horse as represented and as actually existing. No objection is taken that the witness, of whom the inquiry was made, did not know the horse or was not skilled to judge of its value. The question of value is necessarily one of opinion. In *Shaw* v. *Charleston*, 2 Gray, 109, it was held to be well settled law that the value of property, real or personal, when in controversy, might be proved by the testimony of witnesses personally acquainted with the subject, and who are sufficiently familiar with it, to give an opinion of its value. This decision was affirmed in *Whitman* v. *Boston & Maine Railroad*, 7 Allen, 313. Opinions are always admitted as to the value of domestic animals. *Brill* v. *Flagler*, 23 Wend., 354. In *Joy* v. *Hopkins*, 5 Denio, 84, it was held that a witness might be asked what the article would have been worth if it had been of the quality which it was warranted to be. The opinion of a witness who has seen the thing in question and is acquainted with the value of similar articles is competent to be submitted to a jury. *Clark* v. *Baird*, 5 Selden, 183.

No misconduct is shown on the part of the foreman of the jury. The motion to set aside the verdict for alleged misconduct on his part was not relied upon at the argument, and may be regarded as abandoned.

*Motion and exceptions overruled.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.