### SAMUEL ELLIOTT

*v.*

### C. W. LEVINGS & Co.

### and

### DANIEL GERLACH

*v.*

### SAME.

1. FRAUD AND CIRCUMVENTION—*what constitutes.* Where a party signed a promissory note, and alleged, not that he did not know he was signing such a note, but merely that, by the terms of an instrument attached to the note when it was executed, it was only to be paid on a contingency which did not occur, and that this instrument was wrongfully detached from the note after its execution: *Held*, these facts did not constitute fraud in obtaining the execution of the note, but fraud perpetrated after its execution, and therefore not availing as a defense against an assignee before maturity.

2. ASSIGNEE BEFORE MATURITY—*whether subject to a certain defense.* It is no defense to a promissory note, against an innocent assignee, that the note, when delivered, was left in blank as to the time of payment, and this blank was afterwards improperly filled by the payee.

3. AMENDED BILL OF EXCEPTIONS—*whether it will be considered.* An amended bill of exceptions, filed without suggesting a diminution of the record, without obtaining leave to file a supplemental record, and subsequently to the filing of the record itself, will not be considered as a part of the record.

APPEALS from the Common Pleas Court of Sparta; the Hon. WILLIAM P. MURPHY, Judge, presiding.

The opinion states the case.

Mr. J. BLACKBURN JONES, for the appellants.

Mr. W. C. McQUISTON, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

Both of these cases were suits brought by the assignees of promissory notes against the maker. The defendant, in each case, pleaded the general issue and a special plea, designed to be a plea of fraud and circumvention in obtaining the notes. To this plea there was a demurrer, which the court sustained, and this ruling of the court is assigned for error.

In this ruling, the court did not err. The plea, in this case, is not good as against the assignee of the note before maturity, for a valuable consideration. It does not show fraud and circumvention in obtaining the execution of the note, as those words in our statute have been construed by former decisions of this court. It does not aver that the defendant did not know he was signing a promissory note, but merely shows that by the terms of an instrument attached to the note, when it was executed, it was only to be paid on a contingency which did not occur, and that this instrument was wrongfully detached from the note after its execution. The plea shows, not fraud in obtaining the execution of the note, but fraud perpetrated after its execution.

The plea also alleges that the note, when delivered, was left in blank as to the time of payment, and this blank was afterwards improperly filled by the payee. This defense is not available against an innocent assignee.

There is, however, a defect in the proof, for which the judgment must be reversed. The bill of exceptions, which professes to contain all the evidence, sets out the note, but shows no assignment of it by the payee to the plaintiff, and the counsel for appellant asks a reversal on this ground. We find among the files a paper purporting to be an amended bill of exceptions, which supplies the defect, but having been filed without suggesting a diminution of the record, and obtaining leave to file a supplemental record, and subsequently to the

filing of the record itself, we can not consider it a part of the record.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*