# ALBERT STURGES

*v.*

# HENRY T. MILLER *et al.*

1. PROMISSORY NOTE—*subject to what defenses.*  A person not the payee of a promissory note, who becomes the owner thereof without its having been assigned, holds it subject to the same defense that it would be in the hands of the payee.

2. A promissory note in the hands of one who is not a purchaser thereof for value, is subject to the same defenses that it would be in the hands of the original holders.

3. SAME—*failure of consideration.*  Where notes were given for the purchase of a propeller, the title to which was warranted by the seller, and the vessel was libeled and sold for old debts, which were liens upon it at the time of the sale, so that it was wholly lost to the purchaser, it was *held*, that the consideration of the notes had wholly failed, and that a mortgage given to secure their payment should be canceled and the notes declared void.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. ABNER SMITH, for the appellant.

Mr. HUGH CUNNING, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this case was filed by Miller and others, against the "Lake Superior Forwarding Company," to cancel certain notes and the mortgages by which they were secured, which had been given in payment of a propeller bought by complainants of the forwarding company, on the ground there had been a breach of the warranty clause in the bill of sale, by which complainants had lost the vessel, and hence there had been a total failure of the consideration of the notes. An amendment to the bill made Sturges, Hubbard and Platt defendants, who, on being brought into court, answered, denying the principal allegations of the original bill. Sturges, however, filed a cross-bill, in which he alleged he was the

16—80TH ILL.

owner of five of the unpaid notes, and asked to have the mort-
gages foreclosed for the sum due him.

On the hearing, the court found there had been a breach in
the warranty clause of the bill of sale as alleged, by the failure
of the company to protect complainants against proceedings
in the marine court, for debts, against the propeller; that there
had been a failure of the consideration of the notes; that the
same had not been assigned by the company, before maturity,
to a *bona fide* purchaser for value, and therefore decreed that
the notes be annulled and declared void; that a release of the
mortgages upon the real estate of complainants be executed,
and further decreed that the cross-bill of Sturges be dismissed.
This appeal is prosecuted alone by Sturges from the decree of
the court dismissing his cross-bill.

The "Lake Superior Forwarding Company" seems to have
been a mere fiction, only existing in name. The answer filed
by Platt, on behalf of the company, states the capital stock
was paid in to the officers of the company, but when and
where, he is now unable to state. The transactions were but
individual acts of the parties interested. But whether the
company was fictitious or not, we think the decree is sustained
by the evidence. Although Sturges claims that he was the
owner of five notes, each for the sum of $500—that they were
assigned to him, before maturity, in part payment of another
vessel sold to the company—he admits he left them in the
hands of Platt, who, it is said, was the secretary and treasurer
of the company; but the evidence shows most conclusively
that he is mistaken as to the fact of the notes having been
assigned to him at all. As late as 1870, long after the notes
had become due, the witness Kramer saw them in the hands
of Stark, since deceased, and he states positively there were
no indorsements upon them. The account given by this wit-
ness is so circumstantial, and, withal, so intelligent, that it is
hardly possible he can be mistaken. Coming, as it does, from
a disinterested witness, it may, with great propriety, be re-
garded as the better evidence in the case. Having taken the
notes without indorsement, it follows they were subject to the

same defense in the hands of Sturges that they would have been had they remained in the hands of the forwarding company.

That there has been a failure of the entire consideration of these notes, does not admit of a doubt. Kramer is positive in his recollection that the bill of sale contained a clause of warranty as to the title to the vessel. The proof is clear the propeller was seized for old debts that were a lien upon it, was sold by order of the court, and the proceeds realized from the sale divided among the libellants. Evidence offered shows the officers of the company were notified the vessel had been seized for old debts that were a lien upon it, but they neglected to defend it, and it was wholly lost to complainants.

Strongly corroborative of this view of the case, is the fact that, after the vessel was libeled, no effort was ever made by the company, or any one else, to collect any of the remaining notes given for the purchase money, although many years elapsed before this suit was brought to cancel the securities.

It may be added, with great justness, it does not appear that Sturges was, in any sense, a purchaser of the notes for value, as claimed by him, and hence he took them subject to all the defenses that existed against them in the hands of the original holders. No satisfactory evidence is to be found in this record that he received them in part payment of a vessel sold to the company. There is evidence tending, at least, to show that vessel was paid for in another way. Adopting this latter theory, there is no evidence that shows he paid anything whatever for the notes.

On the whole record, we are entirely satisfied justice has been done, and the decree will be affirmed.

*Decree affirmed.*