## FREDERICK RABBERMAN

### v.

## BERNHARD W. MUEHLHAUSEN.

1. PROMISSORY NOTE—TRANSFER.—A promissory note payable to A. or bearer cannot be transferred, by mere delivery, so as to vest the legal title in the holder or bearer.

2. DEFENSES.—Where suit is brought upon such a note, by a person not the payee, and who becomes the owner thereof without its having been assigned, the maker can present his defense to the same extent that he could if suit was brought by the payee.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. R. A. HALBERT and Mr. C. F. NOETLING, for appellant; upon the question of fraud in procuring the note signed, cited Champion v. Ulmer, 70 Ill. 322; Edleman v. Byers, 75 Ill. 367; Byers v. Daugherty, 40 Ind. 198; Gibbs v. Linabury, 22 Mich. 479; Briggs v. Ewart, 51 Mo. 245; Hubbard v. Rankin, 71 Ill. 129; Detmiller v. Bish, 44 Ind. 70.

If a part of the instrument signed is afterwards torn off or erased, the maker is not bound by the instrument so altered: Wait v. Pomeroy, 20 Mich. 425; Kellogg v. Steiner, 29 Wis. 626; Cochran v. Nebecker, 48 Ind. 459; Bendict v. Cowden, 49 N. Y. 396.

An instrument signed by an illiterate person under misrepresentation, as to its contents; or where the instrument is misread to him, is void: Schuylkill Co. v. Copley, 67 Pa. St. 387; Walker v. Ebert, 29 Wis. 194; Richardson v. Schirtz, 59 Ill. 313; Leach v. Nichols, 57 Ill. 273; Munson v. Nichols, 62 Ill. 111; Latham v. Smith, 45 Ill. 25; Taylor v. Atchison, 54 Ill. 196; Sims v. Bice, 67 Ill. 88; Champion v. Ulmer, 70 Ill. 322; Edleman v. Byers, 75 Ill. 367.

Appellant was only required to use reasonable caution in signing the note; Tayler v. Atchison, 54 Ill. 196; Sims v. Bice, 67 Ill. 88; Gould v. Stevens, 43 Vt. 125; Ayers v. Hutchins, 4 Mass. 370; Russell v. Hadduck, 3 Gilm. 233.

An instruction assuming to be a statement of the case, must state all facts necessary to be proved: St. L. &. S. E. R'y Co. v. Britz, 72 Ill. 256.

Where it is manifest the verdict is wrong, and that improper instructions may have contributed to the result, a new trial should be granted: T. W. & W. R. R. Co. v. Corn, 71 Ill. 493; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; C. B. & Q. R. R. Co. v. Van Patten, 74 Ill. 91.

No assignment of the note to appllee was proven: Elliott v. Levings, 54 Ill. 213.

A person taking a note without assignment, takes it subject to all the defenses available against the payee: Sturges v. Miller, 80 Ill. 241.

Evidence of other fraudulent transactions of the same character, by the payee of the note, should be admitted: Hall v. Taylor, 18 N. Y. 589; 76 Ill. 230.

Messrs. WILDERMAN & HAMILL, for appellee; that the exercise of due diligence on the part of the signer of negotiable paper, is necessary, cited Homes v. Hale, 71 Ill. 552; Swannell v. Watson, 71 Ill 456; Sims v. Bice, 67 Ill. 88; Mead v. Munson, 60 Ill. 49; Leach v. Nichols, 57 Ill. 273; Taylor v. Atchison, 54 Ill. 196; Yocum v. Smith, 63 Ill. 321; Harvey v. Smith, 55 Ill. 224; Comstock v. Hannah, 76 Ill. 530.

Appellant is liable if he knowingly signed a note with a condition annexed, even if the condition was detached after its execution, the note being in the hands of an innocent holder: Elliott v. Levings, 54 Ill. 213; Clarke v. Johnson, 54 Ill. 296; Shipley v. Carroll, 45 Ill. 285; Harvey v. Smith, 55 Ill. 224.

Instructions calculated to mislead the jury should be refused: St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256.

The instrument being payable to bearer, did not require indorsement: Rev. Stat. 1874, Chap. 98, § 8; 2 Parsons on Notes and Bills, 33; 1 Parsons on Contracts, 24; Mercer County v. Hackett, 1 Wall. 95; E. & H. R. R. Co. v. Hunt, 20 Ind. 467; Jones v. Nellis, 41 Ill. 482; Miller v. Race, 1 Smith's Lead. Cas. 250; Binz v. Weber, 81 Ill. 288; Johnson v. County of Stark, 24 Ill. 85; Town of Eagle v. Kohn, 84 Ill. 295.

TANNER, P. J. This was an action of assumpsit, instituted by the appellee upon a promissory note, executed by the appellant, and payable to one O. P. Baker, or bearer. The general issue was filed and several special pleas. The second plea avers " that the maker of the note was unable to read writing in the language in which the note was written; and that in signing the said note, he was told and induced to believe that he was executing a contract entered into between him and the payee of the note, for the purchase of lightning rods, and the paying therefor by feeding and taking care of a certain number of horses, then owned by the payee of the note." The third special plea avers that " the payee in the note represented that he was the conductor of a lightning rod company, which owned a large number of horses; and he then proposed to appellant to give him the sum of seven dollars per head for the feeding and taking care of thirty horses per month, and to continue to do so for five months; that he accepted this proposition, whereupon the payee in the said note proposed to put up lightning rods to appellant's dwelling house and barn, and to apply the cost thereof to the payment in part for the keeping and feeding of said thirty head of horses. To this proposition he also assented; and that the said Baker, the payee in the said note, then put up the lightning rods at the price of one hundred and seventy dollars. And thereupon the said Baker drew up and presented to him a paper, partly printed and partly written, in the English language; and that he could neither read nor write the said language. That said Baker read and represented said instrument to be a promissory note, conditioned for the payment of money, but to be paid wholly in keeping and feeding of horses, as aforesaid; and it was not to become due and payable until the amount thereof was discharged in the feeding and keeping of said horses. And that he, in full confidence in the truth of the statements so made, signed the said instrument, and thereby he was fraudulently induced to sign the same." Issue was joined on the several pleas, and the cause was submitted to a jury, and verdict returned for the appellee.

A motion for a new trial was overruled, and judgment was rendered upon the verdict. The appellant brings the cause

to this court, and assigns as error, first, the giving of the first and second instructions for the plaintiff below. We think both instructions should have been refused. In the first instruction the jury are directed to find for the plaintiff if they believe, from the evidence, the defendant knew at the time he was signing the contract spoken of by him, that there was a note attached to it, and that the agreement spoken of by defendant in his evidence was that the note attached to it was to be paid by horse-feed; and that the plaintiff purchased the note for value before it was due, without notice, actual or constructive, of any defense to the note." The fault in this instruction consists in not having any testimony upon which it can rest. The appellant is the only witness that testifies in reference to the contract, and he does not at any time state that he signed a contract with a note attached to it, but that he signed a contract or note which was conditioned to be paid in feeding and taking care of horses; that he was sure he never signed such a paper as the note sued on; that the paper he signed was twice as large as the note. There is another reason why these instructions should have been refused. The note is payable to O. P. Baker or bearer, and was passed to the appellee by delivery. Under Sec. 4, Chap. 98, R. S. 1874, promissory notes must be indorsed thereon under the hand of the payee, in order to vest the right of property absolutely in the assignee. And where suit is brought upon a promissory note by a person not the payee, and who becomes the owner thereof without its having been assigned, the maker can present his defense to the same extent that he could in case it was brought by the payee. Both instructions are based upon the theory that if the appellee purchased the notes before maturity, without notice of any defense to the same, he stands in the position of an innocent holder. The rule of law is otherwise. Sturges v. Miller, 80 Ill. 241.

We are asked, also, to reverse the judgment, upon the authority of the case of Elliott v. Levings & Co. 54 Ill. 213. In that case the court says: " There is however a defect in the proof, for which the judgment must be reversed. The bill of exceptions, which professes to contain all the evidence, sets out the note, but shows no assignment of it by the payee to the

plaintiff, and the counsel for the appellant ask a reversal on this ground."

It is so in the case before us; and the judgment, if there was no other error, would have to be reversed for this. But the counsel for the appellee urges that the rule laid down in this case has been changed by the 8th section of chap. 98, R. S. 1874. This section was enacted in 1874, and went into force on the 1st day of July of that year, and so far as we are now informed, has in nowise been construed by the courts. The note in the case before us, as has already been observed, is made payable to " O. P. Baker or bearer." In Hilborn v. Artus, 3 Scam. 344; and Roosa v. Crist. 17 Ill. 450, it is held that a note payable to A. B. or bearer, cannot be transferred by mere delivery, so as to vest the legal title in the holder or bearer. These cases are familiar to the bar, and we need make no quotations therefrom, in order to show the grounds upon which they rest. It is sufficient to say, such is the law. The note in suit before us has a definite payee. The term bearer is mere surplusage; and being made payable to a person by name, the title can only pass from him by his indorsement, in pursuance of the provisions of the statute in reference to this character of paper. To apply the rule for which the counsel for the appellee contends, in the case now under consideration, we would have to reverse the order of reasoning adopted by the Supreme Court, as the basis for rule in the cases before cited upon this point. The payee would be entirely ignored—his name regarded as mere surplusage. This view is not supported by reason or authority. To hold that by the 8th Sec. of the Chap. on negotiable instruments, the legal title to this note passed to the appellee by mere delivery, would be assuming that the 4th Sec. of said Chap. has been repealed by implication. The doctrine of the repeal of existing statutes by implication is not favored, and is never applied where statutes are *in pari materia*, except where there is an irreconcilable repugnancy. This rule is without exception and too well understood to demand, the citation of authority.

These several provisions of the statute are not repugnant, and we hold that section 8 does not in the least affect the provisions

of section 4, as construed by our court, in the cases to which we have already referred. Section 4 was re-enacted by the General Assembly in 1874 without alteration, and long after it had been repeatedly construed by our Supreme Court, and its re-enactment must be presumed to have been done with the intention of continuing it in force, as construed by the courts. Other errors are assigned, but as they are of such character as would likely be corrected if another trial was had, it is unnecessary to notice them.

For the errors already indicated, the judgment must be reversed and the cause remanded.

Reversed and remanded.