## Buford Clark et al. and D. R. Bowton et al.
### v.
## Mary E. Callison.

Promissory note—Failure of consideration—Notice to assignee.—An indorsee of a promissory note who receives it by equitable assignment without indorsement before maturity, and without notice of defenses, but who, while he holds it, and before maturity, receives notice of defenses, will not be protected if he afterwards takes an indorsement of the note to himself. He holds the note subject to all the defenses existing against the assignor.

Appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding. Opinion filed December 4, 1880.

Messrs. Williams & Lawrence, for appellants; that the equitable assignee of a note takes it subject to all defenses against the assignor, cited Daniell on Negotiable Instruments, 553.

Mr. R. H. Sanford and Messrs. Willoughby & Dougherty, for appellee; cited Van Buskirk v. Day, 32 Ill. 260; Daniell

on Negotiable Instruments, 555; Southard v. Porter, 43 N. H. 380.

LACEY, P. J.   By agreement, the above two cases were tried in the circuit court, and are to be tried in this court in the same manner, the facts being the same.

These suits were brought to recover on two promissory notes, dated October 30, 1877, due twelve months after date, with ten per cent. after maturity, one for $45, signed by Buford Clark and Dennis Clark, one for $76.66, signed by James and D. R. Bowton, both payable to the order of G. G. Morrison, and both indorsed to appellee.   The defense set up to the notes was failure of consideration and notice to appellee before indorsement. The evidence tends to show that the payee of the note Morrison had warranted the hogs for which they were given, to be sound, and it also tends to show that they had the cholera, and were unsound, and that after the purchase the hogs died, or nearly all of them, and that the consideration of the notes had wholly failed, or nearly so.   It appears from the evidence that prior to the sale, the appellee had a claim against Morrison, the payee of the notes, for rent, for the sum of $281.86, and had levied a distress warrant on some of his property, when the following agreement was entered into between them, to-wit:

" I hereby agree, for value received, to deposit at Union Bank, Abingdon, Ill., with G. Givens, sale notes with approved security to the amount of $281.86 in payment of rent.   Said notes to be made equal to bearing interest from March 1st, A. D 1878.

"G. G. MORRISON."

The evidence tended to show that the notes were actually delivered to Mrs. Callison, the appellee, or to her agent, the bank, before she had any notice of any defense by appellants to them, if they had any.   That at the time they were first so deposited, they were not indorsed by Morrison.   The evidence tended further to show that after the notice to the appellee that there was a defense to them, they were duly indorsed by the payee to her; that this notice was given to her by the appellees.   Under this state of the evidence, the counsel for

appellee asked, and the court gave, the following instruction:

"If the jury believe from the evidence, that G. G. Morrison, the payee of the notes in controversy, was indebted to the plaintiff for rent, and she was insisting on settlement of the same, and that in consequence thereof, Morrison agreed with her, or her agent, that he would make a sale of his personal property, and would deliver the sale notes that he should receive in payment, or for the purpose of payment of her claim against him by sending the notes for her to the bank at Abingdon, or to Mr. Foltz, to be by him placed in the bank, or received from him by the bank, and that in pursuance of such agreement, Morrison made sale of his personal property and received the notes in controversy at such sale, and sent them together with other notes to the bank, or to Foltz, to be by him, delivered to the bank, or received from him by the bank for her, and that she, at the time of such delivery to the bank, had no notice of any warranty by Morrison of the property sold, for which the notes in controversy were given; the jury should find for the plaintiff, the amounts due on the notes, principal and interest, even though they may believe from the evidence that she may have known of such warranty at the time Morrison actually indorsed the notes."

The court also refused to give, on the part of the appellants, the counterpart of this instruction.  This action of the court is alleged for error.

This presents the question fairly, will an indorsee of a promissory note, who receives it by equitable assignment, without indorsement before maturity, and without notice, and for a valuable consideration, but who, whilst he holds the note, and before its maturity, receives notice that the maker has a defense to it, and afterwards takes an indorsement of the note by the payee to himself, be protected as against any defense the maker may have had against the payee on account of the failure of the consideration of the note?  This exact question, so far as we can find, has never been settled by the Supreme Court of this State, unless in the case of Van Buskirk v. Day et al. 32 Ill. 260.  We are inclined to view that case as not deciding the question.  The judge who wrote the opinion held that there

was no defense to the note, even in the hands of the original payee; hence no necessity to pass upon the question here involved. The judge remarked in that case that: " They, appellees, were the equitable assignees of the note before its maturity, and ought not to be affected by any equities existing between the original parties to the note." " But if it was assigned after maturity, no defense has been shown to the recovery." This dictum—we can regard it nothing more— would seem to hold that the equitable assignee of a note, for value, before maturity and without notice, would be protected whether there were an indorsement afterwards or not; but the Supreme Court hold to the contrary of that doctrine in case where there has been no indorsement. Sullivan, for use of Carr, v. Dallins, 13 Ill. 85; Sturgis v. Miller, 80 Ill. 241.

There seems to ·be little, if any, conflict of authority on the question presented for our consideration. Eminent judges, both in England and the United States, have held that the indorsement after notice does not protect the indorsee, even though he receive it before due for value and without notice of defense.

" Ordinarily the assignee of a chose in action has no greater rights than his assignor. The superior right claimed for the holder of negotiable paper can rest only upon the custom of merchants and the statute of the 3 & 4 Anne, c. 9. An exception is hereby made in favor of those who take notes by indorsement for value, before maturity and without notice, of any defense. Until the note is indorsed the holder is not an indorsee." The ground of these decisions seems to be, that the holder, when undertaking to enforce against the maker a note which was valueless in the hands of the original payee, is claiming the benefit of an exception to the general rule of the common law, and must fail unless he brings himself fully within that exception. In this State the statute takes the place of the 3 & 4 Anne, c. 9. See Chap. 98, secs. 4, 9 and 13, Ill. statute, confirming the common law.

If appellee, by herself or agent, took the notes sued on in payment of her rent, and there was no assignment at the time other than an equitable one, she took them subject to all the

defenses that could be made against the original payee, the same as though they remained in his hands, and such defense would remain until after the indorsement was actually put on the notes.

If she had prior notice, then the indorsement could not help her—she would hold the position of an indorsee with notice, the same as though no previous equitable assignment had been made. The authorities are numerous in favor of this rule. 1 Daniell on Negotiable Instruments, Sec. 745, p. 555; Southard v. Porter, 43 N. H. 379; Haskell v. Mitchell, 53 Me. 468; 1 Parsons on Notes and Bills, 778; Ranger v. Carey, 1 Met. 369; Beard v. Dedalph et al. 29 Wis. 136; Lancaster National Bank v. Taylor, 100 Mass. 18; Clark v. Whitaker, 50 N. H. 474. It follows that the instruction given for appellee was erroneous, and should not have been given, but an instruction announcing the doctrine herein laid down. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.