ATLANTIC & GULF FERTILIZER COMPANY, a Corporation, *Plaintiff in Error*, vs. W. L. COATS, *Defendant in Error.*

141 So. 149.

En Banc.

Opinion filed April 26, 1932.

*T. B. Ellis, Jr.,* and *Maguire & Voorhis,* for Plaintiff in Error;

*Nottingham & Denison,* for Defendant in Error.

BUFORD, C.J.—The plaintiff in error was plaintiff in the court below and sued the defendant on a promissory note dated November 1, 1928, payable five months after date to the order of Indian River Vegetable Union, Inc., and the plaintiff alleged in its declaration that for a valuable consideration before maturity thereof the payee

therein endorsed said note to the plaintiff and that the note was past due and unpaid.

The defendant filed several pleas. It is only necessary for us to state here, however, that one of such pleas was that of failure of consideration. The note sued on was a negotiable instrument and the record shows that it was endorsed, transferred and delivered to the plaintiff by the payee before maturity and, therefore, the defense of failure of consideration could not be maintained as against the plaintiff, unless it could be shown that the plaintiff at or before the endorsement and delivery of the note to it had actual knowledge or notice of the alleged failure of consideration. The endorsee of a negotiable promissory note before maturity becomes the holder thereof in due course and the burden is on the defendant to show that any infirmities incident to the note which would constitute a defense to an action brought thereon by the payee were known to the endorsee at the time of endorsement and delivery thereof. Otherwise such infirmities could not be interposed as a defense against such endorsee.

It appears from the record that the case was tried in the court below upon the theory upon the part of the defendant, and so accepted by the trial judge, that a plea of failure of consideration verified under oath cast upon the plaintiff the burden of proving such consideration, although such plaintiff was holder in due course of the negotiable instrument, having acquired the same prior to maturity.

The judgment should be reversed upon authority of the case of Roess Lumber Co. vs. State Exchange Bank, 68 Fla. 324, 67 Sou. 188, 327; L. R. A. 1918-E, 297, and cases there cited; and Mullen vs. Bank of Pasco County, decided March 11, 1931, 101 Fla. 1097, 133 Sou. 323. It is so ordered.

Reversed.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The sworn plea interposed by the defendant, not only alleged failure of consideration, but also alleged that the note sued on was endorsed to, and plaintiff became the holder of same, after maturity. If this plea was true, then plaintiff was not a holder in due course and the proposition stated in the majority opinion would not be applicable. There was evidence in the case tending to prove this plea, sufficient I think to authorize the submission of the question to the jury, as was done by the trial judge. Section 6788 C. G. L. says: ''Absence or failure of consideration is a matter of defense as against any person *not a holder in due course;* and partial failure of consideration is a defense pro tanto whether the failure is an ascertained or liquidated sum or not.'' (Italics supplied). Section 6811 C. G. L. defines a holder in due course, one of the elements being ''that he became a holder before it was overdue,'' etc. The holder in due course is fully protected by the statutes (see sections 6784, 6788, 6805, 6811, 6818) but surely the presumption that every holder of a negotiable instrument ''is deemed prima facie to be a holder in due course'' does not prevent a party sued thereon from rebutting such presumption by proper pleading and proof.

Davis, J. (Concurring in part with Brown, J.)—I concur in all that is said in the dissenting opinion of MR. JUSTICE BROWN as to the law relating to the status and effect of the pleadings. I am unable to agree, however, that there was any *substantial* evidence to warrant the verdict of the jury in favor of the defendant's contention that he (defendant) had shown that plaintiff was not a holder in due course. The alleged conflict in

the evidence was more apparent than real. The burden of proof was on the defendant to overcome the presumption that plaintiff was a holder in due course, preliminary to his being permitted to prove the alleged failure of consideration. A verdict should only be upheld when there is *substantial* evidence to' support it. In my judgment the evidence relied on to support the verdict on this' point was not *substantial* so the verdict for defendant should have been set aside on this ground. I therefore concur in the reversal of the judgment for the reasons stated in the opinion by CHIEF JUSTICE BUFORD.