Francis B. Wiers, Trustee (The Somerset Company, Substitute Complainant), v. Elizabeth A. White, *et vir.*

196 So. 206
Division A
Opinion Filed April 19, 1940
Rehearing Denied June 4, 1940

*Milam, McIlvaine & Milam,* for Appellant;

*Dewey A. Dye,* for Appellee.

BUFORD, J.—Appeal brings for review final decree in a foreclosure suit in favor of defendant in which the defense of usury was interposed against the ultimate assignee, the complainant.

It appears to be conceded that the note and mortgage were tainted with usury and that the original endorsee and assignee was at all times without knowledge of such infirmity. The infirmity did not appear on the face of the mortgage or note.

The note secured by the mortgage was in the principal sum of $3,000.00, dated August 3, 1928. Interest to accrue was included in the face amount of the note and the note was made payable in monthly installments by use of the following language.

"Monthly Installment Note

"$3,000.00          Bradenton, Florida          August 3, 1928

"FOR VALUE RECEIVED and in consideration of the principal sum of THREE THOUSAND and no/100 DOLLARS ($3,000.00) I promise to pay to the order of SECURITY BOND AND MORTGAGE COMPANY, one hundred twenty (120) monthly installments of Thirty-seven and 50/100 Dollars ($37.50) each, aggregating FOUR THOUSAND FIVE HUNDRED and no/100 DOLLARS ($4,500.00), which sum includes principal, interest and expenses payable in gold coin of the United States of America, present standard of weight and fineness, at the office of Security Bond and Mortgage Company, Jacksonville, Florida, beginning on the 3rd day of September, 1928, and continuing in monthly succession thereafter until the entire indebtedness is paid.

"PROVIDED there be no default in the payments required by this note, each $1,000.00 of the aforementioned debt shall by virtue of said payments be amortized in principal

amount at the expiration of each year in accordance with the following schedule and may be paid by payment of balance of principal as indicated:

| | | |
|---|---|---:|
| At the expiration of one | year for the sum of | $960.00 |
| At the expiration of two | years for the sum of | 900.00 |
| At the expiration of three | years for the sum of | 820.00 |
| At the expiration of four | years for the sum of | 740.00 |
| At the expiration of five | years for the sum of | 640.00 |
| At the expiration of six | years for the sum of | 540.00 |
| At the expiration of seven | years for the sum of | 440.00 |
| At the expiration of eight | years for the sum of | 310.00 |
| At the expiration of nine | years for the sum of | 160.00 |
| At the expiration of ten | years for the sum of | 12.50 |

"Upon failure to pay any installment when due, or upon default in any provisions of the mortgage, the entire principal plus accrued interest shall become due and payable at once, without notice, at holder's option. Installments shall bear interest at the rate of 8% per annum after maturity.

"This note is secured by a mortgage on real estate of even date herewith, duly recorded in the office of the Clerk of the Circuit Court, County of Manatee, State of Florida.

"Demand, protest, notice of protest and non-payment is hereby waived by all makers or endorsers hereof."

On the 3rd day of August, 1928, the mortgage "together with the note or obligation described in said mortgage, and the moneys due and to become due thereon, with interest from the 3rd day of August, 1928," was assigned to Maryland Trust Company of Baltimore, Maryland, a Maryland corporation, and Robertson Griswald, as Trustees, "under that certain assignment and Deed of Trust dated April 6, 1926, executed by SECURITY BOND AND MORTGAGE COMPANY to MARYLAND TRUST COMPANY and ROBERTSON GRISWALD

as Trustees." The assignment was recorded on the 9th day of August, 1928.

By mesne assignments the obligations reached the complainant.

The controlling question to be determined by us is, whether or not Maryland Trust Company and Robertson Griswald became holders of the note and mortgage. We think this is a question of law to be determined upon the facts.

In addition to what is hereinbefore cited, the record shows that on the 20th day of August, 1928, Security Bond & Mortgage Company, with Maryland Casualty Company as surety, executed a bond in the penal sum of $3,024.00 payable to Maryland Trust Company of Baltimore, a corporation under the laws of the State of Maryland, and Robertson Griswald of Baltimore, Maryland, as trustee, guaranteeing the payment of the note secured by the mortgage involved here. That instrument recited:

"Whereas, there has been duly assigned, transferred and delivered to the Obligees a mortgage or instrument of like legal effect, and the obligation or obligations accompanying the same and secured thereby (the instrument guaranteed hereby being admitted to be a valid mortgage or instrument of like legal effect, and wherever the term 'mortgage' is used herein, it is intended to mean either a mortgage or instrument of like legal effect, and the obligation or obligations accompanying the same and secured thereby, and of which the Obligees have taken an assignment as aforesaid), dated the 3d day of August, 1928, from Elizabeth A. White and husband Sibley L. White to Security Bond and Mortgage Company for the sum of Two Thousand Eight Hundred and Eighty and 00/100 Dollars ($2,880.00) and interest, said assignment having been made to the Obligees

as trustees under an Assignment and Deed of Trust, dated
the Sixth day of April, 1926, from the said SECURITY BOND
AND MORTGAGE COMPANY, the Principal, to the Obligees,
under which Deed of Trust, the Maryland Casualty Com-
pany, Trustee, will certify an issue of bonds, made by the
Principal, termed its First Mortgage Collateral Trust Gold
Bonds, which bonds the Principal will sell; and * * *."

The record further shows that Security Bond & Mortgage
Company on August 20, 1928, executed its certificate fur-
nished in accordance with the terms of Article 2, Sec. 3
of Assignment of Deed of Trust to Maryland Trust Com-
pany and Robertson Griswald, trustees, dated April 6, 1926,
in which it was said, *inter alia:*

"Pursuant to the terms of the aforesaid Assignment and
Deed of Trust, and as Security thereunder, we hand you
herewith the following papers:

"(1) Record ticket issued by Robt. H. Roesch, Clerk
of the Circuit Court of Manatee County, whose postoffice
address is Bradenton, showing the lodgment with him on
Aug. 8, 1928, for recording a first mortgage or instrument
of like legal effect covering fee simple real estate from
Elizabeth A. White and husband to Security Bond and
Mortgage Co. in the principal amount of $3,000.00 dated
Aug. 3, 1928, and payable 120 monthly payments, with
interest at the rate of ........% per annum.

"(1A) The mortgage itself properly recorded and as
described under sub-division 1 above.

"(NOTE: When the mortgage itself is supplied, the first
three line of sub-division 1 above will be left blank, the
balance being filled in to describe the mortgage.)

"(1B) The principal indebtedness is evidenced by
notes of the mortgagor bearing the same date as the mort-

gage, endorsed by Security Bond and Mortgage Co. and ................ and in the amounts and maturities as follows:

"No. of Notes          Maturing          Amount

"One payable $37.50 per month for 120 months commencing on Sept. 3, 1928.

"NOTE: This loan is deposited for $2,880.00 only, which is its par value one year from date or on Aug. 3, 1929.

"And NONE interest notes bearing the same date and endorsed as the principal notes in the amount of $................ each and due on the ........ days of ................ and ................ of each year to the maturity of the principal note.

"(2) Record ticket issued by the Clerk designated in subdivision (1) above, showing the delivery to him for record on Aug. 8, 1928, of an assignment of the mortgage referred to in said subdivision (1) from the mortgage thereon to you under date of Aug. 3, 1928. OR the Assignment itself properly recorded, said Assignment being dated ................ and filed for record on ................

"(3) The notes for the principal and/or interest of the aforementioned mortgage as these notes are identified in subdivision (1B) above; said notes are in negotiable form and constitute all of the notes secured by said mortgage which have not been paid."

The certificate further recites:

"(6) Surety bond of the Maryland Casualty Company guaranteeing to you the payment of both the principal and interest of the aforesaid mortgage, said bond being in amount of not less than 105 per cent of the principal amount secured by said mortgage. The property covered by the mortgage is in fee simple, free of encumbrances and the amount of the mortgage so made or assigned to you represents not more than 60 per cent of the conservative appraised

value of the property covered thereby, said appraised value being $6,336.00; if it represents more than 50 per cent of such value, then it provides for equal annual curtailments, in such amount that at the expiration of three years from the date the debt was acquired by the undersigned, the balance which will then be due on the mortgage debt will not be in excess of 50 per cent of such conservative appraised value."

It appears to be well settled that the rights of the parties are determined by the time of the endorsement and delivery from the payee to the endorsee. The endorsement may be either on the paper or by separate assignment. If the endorsee takes the paper by endorsement before maturity, he holds it free from any defenses the maker may have against the payee named. But if the instrument be endorsed at a time subsequent to the transfer, such endorsement does not relate back to the transfer so as to give the transferee a title paramount to equities and defenses of which he had notice before such endorsement but after the transfer to him. If endorsement is not executed until after maturity, the transferee holds the instrument subject to all equities existing between the original parties. Pavey v. Stauffer, 45 La. Ann. 353, 12 So. 512, 19 L. R. A. 716; Haskell v. Mitchell, 53 Me. 468, 89 Am. Dec. 711; Goshen Nat. Bank v. Bingham, 118 N. Y. 349, 23 N. E. 180, 16 A. S. R. 65, 7 L. R. A. 595; Lancaster National Bank v. Taylor, 100 Mass. 18, 1 Am. Rep. 71, 97 Am. Dec. 70; Clark v. Whitaker, 50 N. H. 474, 9 Am. Rep. 286.

In this case the note and mortgage were endorsed and assigned prior to maturity of the first installment payment. The endorsee and assignee was without notice of any infirmity existing in the mortgage and note and at the time the endorsee and assignee paid the consideration for such

endorsement and assignment, which was two days after the first installment payment became due, to the payee named, they were without knowledge of any delay in such payment. While the assignment was for the sum of $2,880.00, the par value of the note and mortgage, one year from its date, the assignment, in terms, transferred and assigned the entire note and mortgage.

The record shows that the defendants for nearly four years after the making of this first payment paid the installments due under the terms of the note and mortgage promptly without question as to the validity of the instrument.

Under the facts disclosed by the record, we hold that as a matter of law Maryland Trust Company of Baltimore, Maryland, and Robertson Griswald of Baltimore, Maryland, as trustee, became "holders" as endorsers of the note and mortgage when the same were transferred by Security Bond & Mortgage Company to the assignees and this, regardless of the fact that payment for the note and mortgage at its face value one year after the date thereof was not remitted to Security Bond & Mortgage Company until two days after the first payment on the note and mortgage became due and payable under the terms thereof.

This is true because when the Security Bond & Mortgage Company made and recorded the assignment and transmitted the note, mortgage and assignment to the above named trustees the control thereof passed out of the hands and control of the assignor. See Sec. 4674 R. G. S., 6760 C. G. L.

It has been held in well reasoned cases that by depositing a note in the mail with the intent that it should be transmitted to the payee or assignee in the usual way, the maker or assignor parts with his domination and control over it

and the delivery is in legal contemplation complete. See Garrigue v. Keller, 164 Ind. 676, 74 N. E. 253, 108 A. S. R. 234; Barrett v. Dodge, 16 R. I. 740, 19 Atl. 530, 27 A. S. R. 777. See also Giddens v. Giddens, Administrator, 51 Vt. 227, 31 Am. Rep. 682.

Section 4704 R. G. S., 6790 C. G. L. provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Section 4700 R. G. S., 6786 C. G. L., provides:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

We, therefore, think it unnecessary to cite any further authorities or to discuss further the questions involved.

It is well settled that, "A holder who derives his title through a holder in due course and is not himself a party to any fraud or illegality affecting the instrument has all the rights of the former holder." See Sec. 304, Vol. 10, C. J. Secundum, page 787; Chandler v. Davis, 139 Fla. 469, 190 Sou. 873.

Aside from this, it is not at all clear from the record that there was a failure to pay the first installment when the same became due according to the terms of the note which could have been taken advantage of as a default in such payment.

The record shows that on September 3, 1928, the due date of the first installment, demand was made for the payment of $37.50, but the makers of the note and the mortgage, in response to the demand, on the 7th day of September, 1928, transmitted the sum of $18.84, stating "I

have figured interest at eight per centum per annum on three thousand dollars for twenty-eight days which amounts to $18.66, and I have deducted this amount from the payment of $37.50 and my check enclosed for $18.84 pays the first payments. I will in the future remit on the first of the month so that you will have the money by the third."

It is to be remembered that these payments for the first year were assigned but such payments were to be collected under the terms of a separate agreement by the payee.

The record further shows that this payment was accepted without question. It, therefore, appears that the sum of $37.50 was not due on September 3, 1928. This matter is not explained in the record, but the legitimate inference is that the borrower did not get the money on August 3rd when the papers were signed and was entitled to an adjustment of the difference between the interest for thirty days and the interest for that part of such period during which she had had the use of the money.

The record shows no intention to dishonor or to default in payment. In view of our conclusions, *supra*, however, this is of little importance.

The decree should be reversed and the cause remanded for further proceedings.

It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.