The CITIZENS & SOUTHERN NATIONAL BANK, a corporation, Plaintiff,

v.

W. A. STEPP, Defendant Third-party Plaintiff, B. W. Hart, doing business as Hart Tractor & Implement Co., Marianna, Florida, Third-party Defendant.
Civ. A. No. 433.

United States District Court
N. D. Florida, Tallahassee Division.

Dec. 20, 1954.

Ausley, Collins & Ausley, Tallahassee, Fla., for plaintiff.

Marion B. Knight, Blountstown, Fla., for defendant W. A. Stepp.

Roy T. Rhodes, Tallahassee, Fla., for B. W. Hart, Third-party defendant.

DE VANE, Chief Judge.

Plaintiff brought suit against defendant on two conditional sales contracts and notes given by defendant to B. W. Hart, trading as Hart Tractor and Implement Co., for various farm equipment purchased by him from Hart, and sold by Hart to plaintiff prior to maturity.

Defendant filed four defenses. He denied the execution of the instruments described in paragraph No. 1 of the complaint and denied that the farm equipment described in the conditional sales contract and note in paragraph No. 2 of the complaint was ever delivered to him by Hart, and that there was, therefore, a total failure of consideration.

When the case came on for pre-trial conference to settle the issues involved, defendant charged Hart with perpetrating a fraud upon him and upon plaintiff in the two transactions described in the complaint. The court, thereupon, directed and ordered that Hart be made a third-party defendant so that justice might be done to defendant and to plaintiff if Hart had, in fact, perpetrated the fraud as charged by defendant. Hart answered denying any wrong doing on his part.

The case came on for trial to the court, without a jury, and at the trial defendant abandoned his charge of fraud and claimed failure of consideration on account of one note (Exh. "A" and partial payment on account of the other note (Exh. "C").

On the issue of failure of consideration the defendant testified that the Massey-Harris Combine sold to him by Hart, as new, was an old worn-out combine which never worked satisfactorily and which he subsequently attempted to require Hart to take back, which Hart declined to do. The record is not very satisfactory on how much effort defendant made to use the combine, but it does show that defendant never notified plaintiff of his claim of failure of consideration on this note until June, 1953, long after plaintiff had acquired the contract and note and payments were due thereon.

At the trial defendant totally failed to support his claim of partial payment on account of the contract and note described in Exh. "C" to the complaint. Defendant's testimony on this issue shows that he was greatly confused, himself, about the matter and nothing can be made out of the testimony. He admitted making no payments to plaintiff. He did testify that the Woods Rotary Mower described in Exh. "C" was his property and that he did not purchase the same from Hart. The evidence on this mower shows that when defendant purchased the Ford tractor he did not have sufficient cash to make the required down payment and to enable him to purchase the tractor, he sold to Hart the Woods Rotary Mower and the price agreed upon was used as a credit towards the payment of the tractor, and that defendant then purchased back from Hart the mower, at the same price, and with this credit and the money he did

have he could make, and did make, the down payment required for the two pieces of machinery and executed the conditional sales contract and note for the balance due. Defendant offered no testimony to refute this evidence in the case.

Plaintiff claims to be a holder in due course of the two notes and conditional sales contracts acquired before maturity and the evidence shows that it purchased each note and each contract from Hart very shortly after they were executed by Stepp, and without any notice of any defects therein. Defendant insists, however, that despite the absence of notice, the issue of failure of consideration is available to him in this case and in support thereof relies upon Mutual Finance Co. v. Martin, Fla., 63 So.2d 649.

The Uniform Negotiable Instruments Law is in effect in Florida; Chapters 674, 675 and 676, Fla.Stat.Ann.; Sections 674.16, 674.27, 674.28, 674.31, 674.-54, 674.58, 674.59 and 674.60 are applicable and controlling here.

The evidence in the case clearly establishes that plaintiff is a holder in due course without notice of any infirmities as to these transactions, unless this case is governed by Mutual Finance Co. v. Martin, supra. The facts in the two cases are, in important respects, different. In the Martin case one Highsmith, an appliance dealer, sold a freezer and saw to Martin. On the same day a note and contract were executed. On the following day the contract and note were endorsed by Highsmith and delivered to the Finance Company. Martin failed to pay the note and the Finance Company sued him. Martin pleaded failure of consideration and charged that the Finance Company was not a holder in due course without notice.

The evidence in the case disclosed that the Finance Company held a floor-plan mortgage on all the equipment of the appliance dealer; that it furnished the appliance dealer with printed forms of notes and conditional sales contracts, all of which became its property upon endorsement by Highsmith. The name of the Finance Company, as such holder, appeared in both the note and contract and could only be endorsed by Highsmith for its account. The evidence also showed that Highsmith was a substantial stockholder in the Finance Company and that the Finance Company participated in the transaction leading to the sale of the freezer and saw to Martin and that it subsequently undertook to recondition the freezer when it failed to work.

Under all these circumstances the court in that case very properly held that the Finance Company was not a holder in due course of that note and conditional sales contract.

In this case the contract and note forms were provided by plaintiff for the use of Hart in his business, but the name of the Finance Company appears at no place in the formal part of either the note or the contract. There is an advertisement of plaintiff in the upper left-hand corner of the contract, as follows:

"The Citizens & Southern Banks The most comprehensive banking and financing system in the South."

Plaintiff testified, and this is not disputed, that the notes and contracts executed on this form could be and were frequently purchased by other financing institutions and that plaintiff was not obligated to, and, in fact, did not purchase all conditional sales contracts and notes taken by Hart. The mere appearance of this advertisement in the upper left-hand corner of the conditional sales contract form used by Hart in no way establishes a relationship between Hart and the Finance Company that would overcome the Florida Statutes defining a holder in due course.

This case is more appropriately controlled by the decisions of the Supreme Court in the following cases: McClure v. American National Bank, 67 Fla. 32, 64 So. 427; Atlantic & Gulf Fertilizer Co. v. Coats, 105 Fla. 324, 141 So. 149; Robertson v. Northern Motor Securities Company, 105 Fla. 644, 142 So. 226; Wiers v. White, 142 Fla. 628, 196 So. 206.

The court finds and holds in this case that plaintiff is a holder in due course without notice of any infirmities in the instruments sued upon. If Stepp has been imposed upon by Hart, his cause of action is against Hart, which he failed to pursue in this case and such failure should not operate as res judicata against Stepp in any subsequent action he may take to right the alleged wrong he charges Hart perpetrated upon him.

An appropriate judgment will be entered in conformity with this Memorandum Decision.