154 So.2d 194 (1963)
H.C. HARRISON, Appellant,
v.
CONSUMERS MORTGAGE COMPANY, Appellee.
No. D-492.
District Court of Appeal of Florida. First District.
June 6, 1963.
Robinson & Randle, Jacksonville, for appellant.
Boggs, Blalock & Holbrook, Jacksonville, for appellee.
WIGGINTON, Judge.
Plaintiff has appealed from a summary final decree entered in favor of defendant Consumers Mortgage Company. It is contended that the pleadings, exhibits, affidavits and depositions on file in the cause create a genuine issue of a material fact on which plaintiff's right to relief depends, and that the chancellor erred in rendering the summary final decree appealed.
By his complaint plaintiff alleges that a mortgage on his home given by him to one Gayle Weldon, and assigned to Consumers Mortgage Company, is void for the reason *195 that it was procured by fraud and is infected with usury. Consumers defends the action by asserting in its answer that it is a holder in due course of the note and mortgage within the definition of the statute[1], and therefore its title to and ownership of the mortgage is not subject to attack on the grounds alleged in the complaint.
It is the theory of plaintiff's action that the attorney who arranged for and closed the mortgage transaction actively participated in the fraud practiced upon appellant, and in doing so, he was acting as attorney and agent for Consumers. Subsequent to the institution of the suit plaintiff took the depositions of Consumers' General Manager, of the attorney who handled the transaction and two other individuals who allegedly induced plaintiff by fraudulent means to execute the note and mortgage which he now seeks to have declared void. Thereafter Consumers filed its motion for summary final decree. Some four weeks later plaintiff filed in the cause his affidavit in opposition to the motion for summary judgment. The facts averred in plaintiff's affidavit which tend to establish the agency relationship between the offending attorney and Consumers are based principally upon hearsay evidence or constitute legal conclusions of the affiant. It is fundamental that supporting or opposing affidavits filed in connection with a motion for summary decree shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein.[2]
Following the filing of plaintiff's affidavit, his deposition was taken and filed in the cause. The testimony given by plaintiff on his deposition either contradicted in all material respects the averments of agency as contained in his affidavit, or clearly reveal that the conclusions expressed by plaintiff with respect to the question of agency were based on hearsay information.
The rule provides that summary judgment or decree shall be rendered forthwith if the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment or decree as a matter of law.[3] The term "genuine issue" as used in the rule means a real as distinguished from a false or colorable issue. An examination of plaintiff's affidavit, when considered in the light of his and the other depositions on file in the cause, fail to demonstrate that the chancellor erred in finding there was no genuine issue as to the fact relating to the agency relationship allegedly existing between the offending attorney and Consumers. This being so, the evidence in the record establishes without dispute that Consumers is the holder in due course of the note and mortgage sought to be invalidated. Assuming as we must that Consumers is a holder in due course of the questioned note and mortgage involved in this case, the mortgage is not susceptible to attack either on the ground *196 of fraud or usury[4]. The final summary decree appealed herein is accordingly affirmed.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] F.S. Section 674.54, F.S.A. "Who is holder in due course

"A holder in due course is a holder who has taken the instrument under the following conditions:
"(1) That it is complete and regular upon its face;
"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonered, if such was the fact;
"(3) That he took it in good faith and for value:
"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."
[2] Rule 1.36(e) 1954 Rules of Civil Procedure, 30 F.S.A.; see 30 Fla.Jur.  Summary Judgment  p. 356, § 18.
[3] Rule 1.36(c), 1954 Rules of Civil Procedure.
[4] Wiers v. White et al., 142 Fla. 628, 196 So. 206; Wilson et ux. v. Conner et al., 106 Fla. 6, 142 So. 606; McClure v. American Nat. Bank of Pensacola, 67 Fla. 32, 64 So. 427.