## THOMAS CALDER *vs.* SETH BILLINGTON.

Where a negotiable note has been assigned, but not indorsed, proof by the maker, that there was no consideration, or that the note was fraudulently obtained by the payee, is admissible.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

Assumpsit on a note made by the defendant to the plaintiff, or order, dated *December* 28, 1835, for $40, payable in one year from date, with interest. After the note had been read to the jury the defendant offered to prove, that the note was fraudulently obtained, and without consideration. The plaintiff offered to prove by parol, that about two months after the note was given, and long before it became due, it had been sold and delivered for a valuable consideration, to one *Samuel Gray*, for whose benefit this action was brought, and who had no knowledge of any objection to the note. This evidence was objected to by the defendant, but the Judge overruled the objection, and the proof was made. The note was not indorsed, and the plaintiff refused to indorse it. There was no evidence of any notice to the defendant of the assignment to *Gray*. The defendant then renewed his offer to prove that the note was fraudulently obtained, and wholly without consideration. The Judge refused to receive the evidence, and a verdict was returned for the plaintiff. The defendant excepted.

The case was argued in writing.

*R. Goodenow,* for the defendant.

A negotiable promissory note is assignable for an adequate consideration by delivery only without writing. But in such case, it is but the assignment of a chose in action, and not the transfer of the note with its negotiable qualities, which can be done only by indorsement. *Jones* v. *Witter*, 13 *Mass. R.* 304. It is not entitled to any of the immunities of a negotiable note, until actually indorsed.

The equitable assignment of a chose in action, whatever it may be, merely puts the assignee in the place of the assignor, at the time of the assignment and notice thereof. The same defence can be made, on the facts then existing, as if the assignment had

never taken place. *Hatch* v. *Greene*, 12 *Mass. R.* 195; *Tucker* v. *Smith*, 4 *Greenl.* 415; 3 *Cowen*, 353; 20 *Johns. R.* 144; 18 *Johns. R.* 493; 2 *Caines*, 369.

*Codman* and *May*, for the plaintiff, contended, that the *bona fide* purchaser, holder, or assignee of a negotiable note, not indorsed, but purchased before it is dishonored, is entitled to the same protection, as if the note had been indorsed at the time. Each of the counsel cited *Titcomb* v. *Thomas*, 5 *Greenl.* 282; *Cone* v. *Baldwin*, 12 *Pick.* 545; *Goddard* v. *Lyman*, 14 *Pick.* 268; *Bayley on Bills*, 348, 544, *and notes*. In addition, *Codman* cited, 10 *B. & Cress.* 122; 2 *Jac. & Walker*, 243; 2 *Johns. R.* 50; *Perkins* v. *Challis*, 1 *N. H. Rep.* 254; *Babson* v. *Webber*, 9 *Pick.* 163. *May* cited *Jones* v. *Witter*, 13 *Mass. R.* 304; *Chitty on Bills*, *8th Ed.* 263, 270, *and notes*; *Gooch* v. *Bryant*, 13 *Maine R.* 386; *Thurston* v. *McKown*, 6 *Mass. R.* 428; *Ayer* v. *Hutchins*, 4 *Mass. R.* 370; 3 *Caines*, 279; *Wilson* v. *Holmes*, 5 *Mass. R.* 543; *Grew* v. *Burditt*, 9 *Pick.* 265; 1 *Dane*, 389.

The opinion of the Court, after advisement, was prepared by

WESTON C. J. — The free circulation of negotiable paper, has been found to be useful in the community. When, therefore, such paper has been negotiated, before it has become due, the law will not suffer it to be impeached, or sustain any matter in defence, by way of offset, in the hands of a *bona fide* holder, without notice. Unless where notes are payable to bearer, when the legal title passes by delivery, the settled mode of transferring negotiable notes is by indorsement. This not only passes the property, but it entitles the holder to sue in his own name. It had been doubted, whether the sum due could be assigned in any other mode, but in *Jones* v. *Witter*, 13 *Mass. R.* 304, it was held, that it would pass by a delivery of the note, for a valuable consideration.

The effect of this is, to pass the equitable interest to the assignee, who is thereby substituted for the payee. His equitable claim extends no further. Such a note is not negotiated in the usual course of business, without the indorsement of the payee. When this is done, the holder is protected, unless the note has been dishonored, or received under circumstances, calculated to excite suspicion, or to put the party on his guard. It is the circulation of

negotiable paper, in the usual and ordinary course of business, that it is the policy of the law to aid and protect.

If a purchaser will be satisfied with an equitable assignment, without having the title duly and legally transferred, we are aware of no reason, which should place him in any better condition, than any other assignee of a chose in action. If any thing is due, or whatever is due, at the time of the assignment, he is entitled to the benefit of it. Beyond this, as it is a transaction not in the usual course of business, he does not appear to us to have any just claim. In *Cone* v. *Baldwin*, 12 *Pick.* 545, the note in suit was payable to bearer. If the plaintiff is by the assignment only substituted for the payee, every ground of defence is open, which existed at that time. In our opinion therefore, proof on the part of the defendant of the want of a consideration, or of fraud in the payee, was legally admissible. The exceptions are accordingly sustained, the verdict set aside, and a new trial granted.