# CASES

## IN THE

# SUPREME JUDICIAL COURT

### IN THE

### COUNTY OF SOMERSET, JUNE TERM, 1840.

---

## REUBEN SAVAGE *vs.* WILLIAM KING.

A note made payable to a married woman, is in law a note to the husband, and becomes instantly his property; and her indorsement transfers no property in the note.

An assignment and delivery of a negotiable note before it falls due, without the indorsement of the payee, places the assignee in no better condition than the payee.

THIS action was brought by the plaintiff as indorsee of a note of hand of which this is a copy. "*Kingfield, March* 21, 1836. For value received, I promise to pay *Mrs. Lucy Smith* or order, thirty days from date, two hundred dollars. *William King.*"

At the trial before SHEPLEY J. the defence set up was a failure of the consideration. The payee of the note, at the time it was given, was a married woman, and the wife of *Abraham Smith.* Before the note became due, the husband sold it to the plaintiff with the name of *Lucy Smith* indorsed upon the back by the husband, but without any indorsement of his own name. Some months after the note became due, and after it had been presented to the defendant and payment had been refused, *Abraham Smith* authorised the plaintiff to indorse his, *Smith's*, name upon the note, and it was done. Under these circumstances, the defendant was permitted to introduce evidence for the purpose of proving a fail-

ure of consideration, and obtained a verdict in his favor, which was to be set aside, if the testimony and defence ought not to have been permitted.

*Tenney* argued for the plaintiff, and contended, that the putting the name of the wife upon the back of the note by her husband, and delivering it over to the plaintiff, before it was due, was a valid transfer of the note which precluded the defence set up. But if not, his assent, by putting his own name, related back to the previous transfer. *Bayley on Bills,* 35 ; *Chitty on Bills,* 26.

*F. Allen* and *Bronson,* for the defendant, contended, that the legal effect of the note was the same, as if it had been given directly to the husband. *Commonwealth* v. *Manley,* 12 *Pick.* 174 ; 1 *East,* 432 ; *Chitty on Bills,* 31, 130. The law requires the name of the payee to be written upon the note to negotiate it to a third person. The indorsement of the name of the wife was merely void.

The opinion of the Court was by

WESTON C. J. — The note in question, having been made payable to a *feme covert,* was in the eye of the law a note to the husband, and became instantly his property. *Barlow* v. *Bishop,* 1 *East,* 432 ; *Commonwealth* v. *Manley & al.* 12 *Pick.* 173. The interest being in the husband, he alone could transfer it by indorsement. The indorsement of the wife could have no legal validity. She did not profess to act in behalf of her husband. The case cited from *East* is precisely in point; and it was there decided, that the indorsement of a *feme covert* to whom a negotiable note was given, could transfer no interest.

The case states, that the husband sold the note to the plaintiff, before it became due. If he had then indorsed it, and the plaintiff had received it *bona fide,* in the due course of business, without notice of the want of consideration, the defence could not have been sustained. An assignment in any other form, places the assignee in no better condition, than the original holder. This was decided in the case of *Calder* v. *Bellington,* 15 *Maine R.* 398. The indorsement of the husband, after the maturity of the note, did not preclude the defence.

*Judgment on the verdict.*