THE GOSHEN NATIONAL BANK, Appellant, *v.* WILLIAM BINGHAM, et al., Respondents,

WILLIAM BINGHAM, et al., Respondents, *v.* THE GOSHEN NATIONAL BANK, Appellant.

The purchaser of a certified check, payable to order, who obtains title without indorsement by the payee, holds it subject to all equities and defenses existing between the original parties, although he paid full consideration, without notice.

An intention on the part of the payee and transferee to have the paper indorsed is not sufficient, at least in the absence of an express agreement to indorse ; it is the act of indorsement not the intention which negotiates the instrument.

An indorsement, after notice of a defense, does not relate back to the transfer, so as to cut off the intervening rights and remedies of the party giving the notice.

A bank, by the certification of a check, represents that it has on deposit the amount, and agrees that it will retain that amount and apply it in payment, provided, however, that the check shall be indorsed by the payee.

When the check, therefore, is tranferred without indorsement, the bank is not estopped by the certification from questioning the validity of the check.

Where a bank has been induced to certify a check by fraudulent representations on the part of the drawer and the check has been transferred without indorsement, an action is not maintainable on its part to recover possession of the check.

The cashier of the appellant was induced by the false representations of B. to cash a draft drawn by him, place the proceeds to his credit and certify the check of B., payable to his own order. B. presented the certified check, unindorsed, to respondents, who cashed the same. While they held the check unindorsed the appellant notified them of the fraud and demanded its return, and, they refusing, commenced an action to recover its possesion. The respondents subsequently obtained the indorsement of B., and payment having been refused, brought an action to recover the amount. *Held*, that neither action was maintainable.

*Watkins* v. *Maule* (2 J. & W. 243) ; *Freund* v. *I. & T. N. Bk.* (76 N. Y. 352) ; *Lynch* v. *F. N. Bk.* (107 N. Y. 183), distinguished.

*Hughes* v. *Nelson* (29 N. J. Eq. 547), distinguished and questioned.

(Argued December 20, 1889 ; decided January 14, 1890.)

APPEALS from judgments rendered by the General Term of the Supreme Court in the first judicial department, entered upon orders made March 31, 1887, which affirmed a judgment

in the action first above entitled in favor of defendants and a judgment in action second above entitled in favor of plaintiffs, both of which were entered upon the reports of a referee.

On November 27, 1884, Benjamin D. Brown applied to the cashier of the Goshen National Bank, appellant, at Goshen, N. Y. to cash a sight draft for $17,000, drawn by him upon the firm of William Bingham & Co., of New York, the individual members of which firm are the respondents, accompanied by a quantity of the bonds of the West Point Manufacturing Company, of the face value of $17,000. Brown represented that he had negotiated a sale of these bonds at their face value with William Bingham & Co; that they had directed him to draw upon them at sight for $17,000, the draft to be accompanied by the bonds, and that the draft would be paid upon presentation. Such representations were absolutely false. The bonds had no market value. Brown was a bankrupt and had no funds in the bank except such as resulted from the credit given him upon the faith of the draft on Bingham & Co., accompanied by the bonds. The cashier of the Goshen National Bank, relying upon such representations, cashed the draft of $17,000, and placed the proceeds to the credit of Brown upon the books of the bank. He gave Brown sight drafts on New York for $12,000, and certified a check drawn by Brown to his own order, dated November 26, 1884, for $5,000. On the morning of November twenty-eight, Brown called at the office of William Bingham & Co., and stated that he wanted to get some currency. Mr. Bingham passed the check to the firm's cashier directing him to give Brown currency for the amount. The cashier gave him a check drawn on the Corn Exchange Bank for $5,000. Brown had the check cashed at the Corn Exchange Bank. He also had the New York drafts cashed, amounting to $12,000, which he had obtained from the Goshen National Bank. After procuring the checks and drafts to be cashed, he fled to Canada where he remained at the time of the trial of these actions. When Bingham & Co. took from Brown the check certified by the Goshen National Bank it was not indorsed.

The referee found in the action second entitled that "at the time of the transfer of the said certified check by Brown to the plaintiffs, it was intended both by Brown and the plaintiffs that said certified check should be indorsed by Brown, and it was supposed by both parties that he had so indorsed it, and if the plaintiff had known that it was not indorsed they would not have paid the consideration therefor."

He found, in the action second entitled, "that Brown made no statement to the defendants, or either of them, at the time of the transfer of the check that such check was indorsed."

And "prior to the commencement of the action of replevin the defendants never requested Brown to indorse said check."

While Bingham & Co. held the check in question undorsed, a demand for its return to the bank, accompanied by a full explanation of the circumstances under which the certification was obtained, was made upon Bingham & Co., in behalf of the bank, and upon their refusal to return it, an action to recover its possession was commenced by the bank against Bingham & Co.

That action is, firstly, above entitled.

Subsequently, and on December sixteenth, Bingham & Co. obtained from Brown a power of attorney to indorse the check. Pursuant thereto the check was indorsed and payment thereafter demanded of the bank.

This was refused, and thereupon the action, secondly, above entitled, was commenced by Bingham & Co., to recover the amount of the check.

*Henry Bacon* for appellant. The bank by certifying the check drawn by Brown to his own order became liable thereon as the principal debtor. (*Bank of Washington* v. *Whitman*, 94 U. S. 343; *F., etc., Bank* v. *B. & D. Bank*, 14 N. Y. 623; 16 id. 125; *Meads* v. *M. Bank*, 25 id. 143; *Claflin* v. *F., etc., Bank*, 25 id. 293; *F., etc., Bank* v. *B. & D. Bank*, 28 id. 425; *S. Bank* v. *N. Bank*, 67 id. 458; *People* v. *Howell*, 4 Johns. 296; *Schoonmaker* v. *Roosa*, 17 id. 301; *Slade* v. *Halstead*, 7 Cow. 322; *Morton* v. *Rogers*, 14 Wend.

576; *Cook* v. *S. N. Bank*, 52 N. Y. 96, 115, 116; Story on Bills, § 187; Story on Prom. Notes, § 190.) Bingham & Co. having taken this certified check without having or requiring an indorsement of it by Brown held it subject to all the defenses and equities existing between the original parties. (*Harrop* v. *Fisher*, 30 L. J. 283; *Calder* v. *Billington*, 15 Me. 398; *Osgood* v. *Artt*, 17 Fed. Rep. 575; *Trust Co.* v. *Nat. Bank*, 101 U. S. 568; *F. Bank* v. *Raymond*, 3 Wend. 69; *Hedges* v. *Seeley*, 9 Barb. 214; *Raynor* v. *Hoagland*, 7 J. & S. 11; 64 N. Y. 630; *Muller* v. *Pondir*, 55 id. 325; *Freund* v. *I. & T. Bank*, 76 id. 352; *Best* v. *S. M. Co.*, 105 id. 59; *Lynch* v. *F. Nat. Bank*, 107 id. 179.) The indorsement by Brown subsequently procured after full notice and actual knowledge of the fraud perpetrated by Brown in obtaining the certificate, does not make Bingham & Co. *bona fide* holders for value without notice. (Story on Prom. Notes, § 120; *L. Nat. Bank* v. *Taylor*, 100 Mass. 18; *Gilbert* v. *Sharpe*, 2 Lans. 412; *Harrop* v. *Fisher*, 30 L. J. 283; *Whistler* v. *Foster*, 14 C. B. [N. S.] 246; *Savage* v. *King*, 17 Me. 301; *Haskill* v. *Mitchell*, 53 id. 468; *Clark* v. *Whitaker*, 50 N. H. 474; *Clark* v. *Callison*, 7 Bradw. 263; Story on Bills, § 201; *Harrop* v. *Fisher*, 30 L. J. 283.) The bank is not estopped from asserting its rights to, and defenses against, this check by reason of its certificate. (*Clark* v. *Whitaker*, 50 N. H. 474; *M. Bank* v. *N. Y. & N. H. R. R. Co.* 13 N. Y. 597, 638; *Clark* v. *Sisson*, 22 id. 312; *Bush* v. *Lathrop*, 22 id. 535; *Moore* v. *M. Bank*, 55 id. 41; *Fairbanks* v. *Sargent*, 104 id. 108; *Morse* v. *M. Bank*, 55 id. 41; *Crawford* v. *Lockwood*, 9 Hun, 547; *Shapely* v. *Abbott*, 42 N. Y. 443; *Wilcox* v. *Howell*, 44 id. 443.) It was unnecessary for the bank in order to maintain its contention in these actions to allege or prove any return, or offer to return, to Brown these bonds given to it as collateral to his draft on Bingham & Co. (*Pearse* v. *Pettitts*, 47 Barb. 276; *Storms* v. *Austin*, 1 Metc. 557; 86 N. Y. 81; *Hynes* v. *Patten*, 28 Hun, 528; Benjamin on Sales, § 446.) The bank had the right to maintain an action of claim and delivery for the

certified check. (3 Wait's Practice, 712; 5 Wait's Act. & Def. 477; *Graves* v. *Dudley*, 20 N. Y. 76; *B. R. Ins. Co.* v. *N. Y., S. L. & T. Co.* 78 id. 282; *Knehue* v. *Williams*, 1 Duer. 597; *Munsall* v. *Flood*, 13 J. & S. 460; *Murray* v. *Burling*, 10 Johns. 170; *Devlin* v. *Matthews*, 12 N. Y. 313; *Devlin* v. *Coleman*, 50 id. 531; *Powell* v. *Powell*, 71 id. 71; *Comstock* v. *Hier*, 73 id. 269, 276; *Thayer* v. *Manley*, 73 id. 305; *Devlin* v. *Matthews*, 5 Sandf. 439; *Evans* v. *Kymer*, 1 B. & Ad. 528; *Jones* v. *Fort*, 9 B. & C. 764; *Barrett* v. *Warren*, 3 Hill, 348; *Ross* v. *Cassidy*, 27 How. 416; *Pearse* v. *Van Dyck*, 6 Hill, 613; *F. Nat. Bank* v. *Leach*, 52 N. Y. 350; *M. Bank* v. *S. Bank*, 10 Wall, 604, 648.) The bank is entitled to maintain an action to have the check surrendered to it for cancellation. (*Hamilton* v. *Cummings*, 1 Johns. Ch. 517; *Covell* v. *T. Bank*, 1 Paige, 130; *Reade* v. *Bank of Newburgh*, 1 id. 215; *Loomis* v. *Cline*, 4 Barb. 453; *McHenry* v. *Hazard*, 45 N. Y, 580; *Comstock* v. *Hier*, 73 id. 269, 276; *Thayer* v. *Manley*, 73 id. 305.) For the error of the referee in refusing findings as requested, the judgment should be reversed. The referee erred in admitting the testimony of Brown, Alexander Bingham and James Graham, which was duly objected to. (*J. Ins. Co.* v. *Cothral*, 7 Wend. 72; *Rich* v. *Jakway*, 18 Barb. 357; *Sturm* v. *Williams*, 6 J. & S. 325, 348; *Newell* v. *Doty*, 33 N. Y. 83; *Nichols* v. *I. O. Co.* 56 id. 618; *Merritt* v. *Briggs*, 57 id. 651.)

*Joseph F. Mosher* for respondents. An action in the nature of replevin cannot be maintained by a bank that has certified a check, to obtain possession of the check, on the ground that the bank is not liable to the defendant on its certification. (*Todd* v. *Crookshanks*, 3 Johns. 432.) The respondents have good title to the check, as against the appellant, and have a perfect right of action upon it. (1 Dan. on Neg. Inst., §§ 104, 105, 106, 769, 780, 781; 1 Story's Eq. Juris., § 64; *Jordan* v. *Cooper*, 3 S. & R. 564, 585; *Atwood* v. *Vincent*, 17 Conn. 575, 581; *Hale* v. *Omaha Nat. Bk.*, 49 N. Y. 626, 633, 634; *Husted* v. *Ingraham*, 75 id. 251, 257;

*Gardener* v. *Pullen*, 2 Vern. 394; *Boardman* v. *L. S., etc., R. R. Co.*, 37 N. Y. 157; *Evans* v. *Wood*, L. R. [5 Eq. Div.] 9; *Paine* v. *Hutchinson*, L. R. [3 Ch. App.] 547; *Hughes* v. *Nelson*, 20 N. J. Eq. 547; 1 Story's Eq. Juris., § 99*b*; *Bacon* v. *Cohen*, 12 Sm. & M. 516, 525; *Walker* v. *Maule*, 2 Jac. & W. 237; Code, § 1207; *Barlow* v. *Scott*, 24 N. Y. 40; *Armitage* v. *Pulver*, 37 id. 494; *Smith* v. *Pickering*, Peake N. P. 69; *Wallace* v. *Harducre*, 1 Camp. 45, 47; *Anonymous*, id. 492; *Baker* v. *Arnold*, 3 Caines, 279, 284; *Watkins* v. *Maule*, 2 Jac. & W. 237.) The bank is estopped by its certification to dispute its liability on the check. (*M. Bank* v. *S. Bank*, 10 Wall. 604, 647; U. S. R. S., § 5208; Bigelow on Estoppel [3d ed.], 388; *Freund* v. *I. & T. Bank*, 76 N. Y., 352; *Moore* v. *M. N. Bank*, 55 N. Y. 41, 47; *Simson* v. *Bank of Commerce*, 43 Hun, 156.) None of the exceptions to evidence were well taken. (*McKown* v. *Hunter*, 30 N. Y. 625; *Bedell* v. *Chase*, 34 id. 386.) The exceptions to the refusal to make the additional conclusions of law were not well taken. (*Moody* v. *Osgood*, 54 N. Y. 488; *Priebe* v. *K. B. Co.*, 77 id. 597.)

Parker, J. As against Brown, to whose order the check was payable, the bank had a good defense. But it could not defeat a recovery by a *bona fide* holder to whom the check had been indorsed for value. By an oversight on the part of both Brown and Bingham & Co. the check was accepted and cashed without the indorsement of the payee. Before the authority to indorse the name of the payee upon the check was procured and its subsequent indorsement thereon, Bingham & Co. had notice of the fraud which constituted a defense for the bank as against Brown. Can the recovery had be sustained?

It is too well settled by authority, both in England and in this country, to permit of questioning, that the purchaser of a draft, or check, who obtains title without an indorsement by the payee, holds it subject to all equities and defenses existing between the original parties, even though he has paid full consideration, without notice of the existence of such equities

and defenses. (*Harrop* v. *Fisher*, 30 L. J. [C. L., N. S.] 283; *Whistler* v. *Forster*, 14 C. B. [N. S.] 246; *Savage* v. *King*, 17 Me. 301; *Clark* v. *Callison*, 7 Ill. 263; *Haskell* v. *Mitchell*, 53 Me. 468; *Clark* v. *Whitaker*, 50 N. H. 474; *Calder* v. *Billington*, 15 Me. 398; *Lancaster Nat. Bank* v. *Taylor*, 100 Mass. 18; *Gilbert* v. *Sharp*, 2 Lans. 412; *Hedges* v. *Sealy*, 9 Barb. 214-218; *Franklin Bank* v. *Raymond*, 3 Wend. 69; *Raynor* v. *Hoagland*, 7 J. & S. 11; *Muller* v. *Pondir*, 55 N. Y. 325; *Freund* v. *Importers & Traders' Bank*, 76 id. 352; *Trust Co.* v. *Nat. Bank*, 101 U. S. 68; *Osgood* v. *Artt*, 17 Fed. Rep. 575.)

The reasoning on which this doctrine is founded may be briefly stated as follows: The general rule is that no one can transfer a better title than he possesses. An exception arises out of the rule of the law-merchant, as to negotiable instruments. It is founded on the commercial policy of sustaining the credit of commercial paper. Being treated as currency in commercial transactions, such instruments are subject to the same rule as money. If transferred by indorsement, for value, in good faith and before maturity, they become available in the hands of the holder, notwithstanding the existence of equities, and defenses, which would have rendered them unavailable in the hands of a prior holder.

This rule is only applicable to negotiable instruments which are negotiated according to the law-merchant.

When, as in this case, such an instrument is transferred but without an indorsement, it is treated as a chose in action assigned to the purchaser. The assignee acquires all the title of the assignor and may maintain an action thereon in his own name. And like other choses in action it is subject to all the equities and defenses existing in favor of the maker or acceptor against the previous holder.

Prior to the indorsement of this check, therefore, Bingham & Co. were subject to the defense existing in favor of the bank as against Brown, the payee.

Evidence of an intention on the part of the payee to indorse does not aid the plaintiff. It is the act of indorse-

ment, not the intention, which negotiates the instrument, and it cannot be said that the intent constitutes the act.

The effect of the indorsement made after notice to Bingham & Co. of the bank's defense must now be considered. Did it relate back to the time of the transfer, so as to constitute the plaintiff's holders by indorsement as of that time?

While the referee finds that it was intended both by Brown and the plaintiffs that the check should be indorsed, and it was supposed that he had so indorsed it, he also finds that Brown made no statement to the effect that the check was indorsed; neither did the defendants request Brown to indorse it  There was, therefore, no agreement to indorse. Nothing whatever was said upon the subject. Before Brown did agree to indorse the plaintiffs had notice of the bank's defense. Indeed, it had commenced an action to recover possession of the check.

It would seem, therefore, that having taken title by assignment, for such was the legal effect of the transaction, by reason of which the defense of the bank against Brown became effectual as a defense against a recovery on the check in the hands of the plaintiffs as well, that Brown, and Bingham & Co., could not, by any subsequent agreement or act, so change the legal character of the transfer as to affect the equities and rights which had accrued to the bank. That the subsequent act of indorsement could not relate back so as to destroy the intervening rights and remedies of a third party.

This position is supported by authority. (*Harrop* v. *Fisher*; *Whistler* v. *Forster*; *Savage* v. *King*; *Haskell* v. *Mitchell*; *Clark* v. *Whitaker*; *Clark* v. *Callison*; *Lancaster Nat. Bank* v. *Taylor*; *Gilbert* v. *Sharp*, cited, *supra*.)

*Watkins* v. *Maule* (2 Jac. & Walk. 243) and *Hughes* v. *Nelson* (29 N. J. Eq. 547) are cited by the plaintiff in opposition to the view we have expressed.

In *Watkins* v. *Maule*, the holder of a note, obtained without indorsement, collected it from the makers. Subsequently the makers complained that the note was only given as a guarantee to the payee who had become bankrupt. Thereupon the

holder refunded the money and took up the note upon the express
agreement that the makers would pay any amount which
the holders should fail to make out of the bankrupt payee's
property.   The makers were held liable for the deficiency.
*Hughes* v. *Nelson* did not involve the precise question here
presented.   The views expressed, however, are in conflict with
some of the cases cited but we regard it in such respect as
against the weight of authority.   *Freund* v. *Importers &
Traders' Bank* (*supra*) does not aid the plaintiff.   In that
case it was held "that the certification by the bank of a check
in the hands of a holder who had purchased it for value from
the payee, but which had not been indorsed by him, rendered
the bank liable to such holder for the amount thereof.   By
accepting the check the bank took, as it had a right to do, the
risk of the title which the holder claimed to have acquired
from the payee.   In such case the bank enters into contract
with the holder by which it accepts the check and promises to
pay it to the holder, notwithstanding it lacks the indorsement
provided for, and it was accordingly held that it was liable
upon such acceptance upon the same principles that control the
liabilities of other acceptors of commercial paper." (*Lynch* v.
*First National Bank of Jersey City*, 107 N. Y. 183.)
But one question remains.

The learned referee held, and in that respect he was sustained
by the General Term, that the bank by its certification
represented to every one that Brown had on deposit with it
$5,000 ; that such amount had been set apart for the satisfaction
of the check, and that it should be so applied whenever the
check should be presented for payment, and that Bingham &
Co., having acted upon the faith of these representations and
having parted with $5,000 on the strength thereof, the bank
is estopped from asserting its defense.

The referee omitted an important feature of the contract
of certification.   The bank did certify that it had the money;
would retain it and apply it in payment, *provided* the check
should be indorsed by the payee. (*Lynch* v. *First National
Bank of Jersey City, supra*).

If the check had been transferred to plaintiffs by indorsement the defendant would have had no defense, not because of the doctrine of estoppel, but upon principles especially applicable to negotiable instruments. (*Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.*, 13 N. Y. 638.)

If the maker or acceptor could ever be held to be estopped by reasons of representations contained in a negotiable instrument he certainly could not be in the absence of a compliance with the provisions upon which he had represented that his liability should depend.

But it is well settled that the maker or acceptor of a negotiable instrument is not estopped from contesting its validity, because of representations contained in the instrument. In such cases an estoppel can only be founded upon some separate and distinct writing or statement. (*Clark* v. *Session*, 22 N. Y. 312; *Bush* v. *Lathrop*, 22 id. 535; *Moore* v. *Metropolitan Bank*, 55 id. 41; *Fairbanks* v. *Sargent*, 104 id. 108; *Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.*, *supra*.)

The views expressed especially relate to the action of Bingham & Co. against the bank and call for a reversal of the judgment.

We are of the opinion that the action brought by the bank against Bingham & Co. to recover possession of the check cannot be maintained and in that case the judgment should be affirmed.

All concur, except HAIGHT J., not sitting.

Judgments accordingly.