### GOLDBERG *v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

COMMON CARRIERS—INJURIES TO PASSENGER—EVIDENCE.

> Defendant's north-bound train stopped at a station, and plaintiff, a passenger, got off on the side opposite the station platform, and, in attempting to cross the tracks, was struck by a south-bound train and injured. There was evidence that a rule of the company requiring passengers to get off on the station side was not observed at this station, but that it was a common occurrence for them to get off on the opposite side. There was also evidence that escaping steam from the engine at the station obstructed the view of the south-bound train, and that the south-bound train did not stop before passing the train delivering its passengers. *Held,* that the evidence was sufficient to justify a verdict for plaintiff.

Appeal from circuit court, Westchester county.

Action by Philip Goldberg against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frank Loomis,* (*D. A. Tears,* of counsel,) for appellant. *Wm. Riley,* for respondent.

BARNARD, P. J. The plaintiff was injured by a train of defendant's at Hastings, on the 12th of September, 1889. It was a contested fact upon the trial whether or not the plaintiff was a passenger on the defendant's road on the

train from which he claimed to have alighted before the injury. The plaintiff testified positively that he was on the train, and he was supported by a witness,—Goodwin,—and by Fromberg, a passenger, who saw the plaintiff get off at Hastings. The jury has found that the plaintiff was a passenger. The train stopped at Hastings so that the engine and tender were north of a road crossing going to the river. The smoking-car was next to it, and the plaintiff was in the passenger-car next to the smoking-car. The station is on the east of the tracks, of which there are three at this point. The plaintiff wished to go to the river, and got out on the west side of the car. Before he got across the tracks between him and the river he was struck by a train going south. There was proof given tending to show that the plaintiff was warned not to go off on the west side, and that he was warned of the approaching train which injured him. This was met by evidence tending to show the contrary,—that no notice was given where to get off, and that the rule requiring passengers to get off on the side next to the station was not so observed, but that it was a common occurrence for passengers to get off on the west side of the train at this point. There is no such preponderance of testimony as calls for a reversal of the verdict as against the evidence. There was proof given tending to show that steam escaping from the engine obstructed the passenger's view of a train approaching from the north. The rule required a slow rate of speed, and this rule was not violated, but the negligence, if any, was made out by the entry of a train into a station at the rate of speed at which the south-bound train did while passengers were getting off the cars, and did not stop before passing the car delivering passengers. The recovery seems to be justified by the principle established in *Parsons* v. *Railroad Co.*, 113 N. Y. 355, 21 N. E. Rep. 145. The facts are very similar in the two cases. The admission of the rule of the company regulating the running of trains, under the circumstances presented by the evidence, was properly received. The importance of the evidence was considered by the court of appeals in the *Parsons Case*. As bearing upon the defendant's negligence, evidence was given tending to show that the view north from the place where plaintiff stood was obstructed by steam. The judge, in stating the obligation of the plaintiff to look for an approaching train, accompanied it with a statement that the testimony was that there was escaping steam to obstruct the view. The fact was not assumed by the judge. All questions of fact were carefully left to the jury. The judgment should therefore be affirmed, with costs. All concur.