LINA HOBERG, Respondent, *v.* ABRAHAM SOFRANSCY, Doing Business under the Name of H. SOFRANSCY COMPANY, Appellant.

**Bills, notes and checks — corporations — indorsement — evidence — action on promissory note payable to corporation and indorsed by its treasurer — authority of treasurer to indorse must be shown.**

In an action to recover upon a promissory note, payable by defendant to a corporation and purporting to bear the corporation's indorsement, by its name stamped on the back together with the signature of its treasurer, assuming that the stamp is that of the corporation and the signature that of its treasurer, proof of indorsement by the payee is deficient until evidence is produced that the treasurer was authorized by the corporation to indorse.

*Hoberg* v. *Sofranscy*, 222 App. Div. 728, reversed.

(Argued April 4, 1928; decided May 1, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 16, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.

*Thomas H. Rothwell* for appellant. The plaintiff was required to prove indorsement completed by delivery of the note by the definite payee named therein. (*First Nat. Bank* v. *American Exchange Nat. Bank*, 170 N. Y. 88; *Donahue* v. *Bank of America*, 161 N. Y. Supp. 232; *G. N. Bank* v. *Bingham*, 118 N. Y. 349; *Manufacturers' Commercial Co.* v. *Blitz*, 131 App. Div. 17; *Martz* v. *State Nat. Bank*, 147 App. Div. 250; *Farmers' Nat. Bank* v. *Williams*, 117 Misc. Rep. 567; *Steinberger* v. *Hittelman*, 93 Misc. Rep. 105; *Gavone* v. *Russo-Iodice Realty Co.*, 164 N. Y. Supp. 135; *Fidelity-International Trust Co.* v. *Canalizo*, 211 App. Div. 325; *Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191.) The payee of the note being a corporation, the plaintiff did not prove the authority of the treasurer to indorse or as she was required to do, the indorsement and delivery by the corporate payee. (*Jacobus* v. *Jamestown Mantel Co.*,

211 N. Y. 154.) Aside from the failure to prove the authority of the corporate treasurer, the plaintiff failed to show that the note in suit was indorsed by the definite payee therein named. (*Goshen Nat. Bank* v. *Bingham*, 118 N. Y. Supp. 349; *Donahue* v. *Bank of America*, 161 N. Y. Supp. 232; *Congress Trucking Co.* v. *Alton Dress & Waist Co.*, 154 N. Y. Supp. 156; *Mayers* v. *McRimmon*, 140 N. C. 640; *Marks* v. *Munson*, 59 Colo. 440; *Amer. Trust Co.* v. *Neverbreak Range Co.*, 190 S. W. Rep. 1045.) The plaintiff failed to offer proof after the fraud had been proved to establish that she acquired title to the note as a holder in due course. (*American Exch. Nat. Bank* v. *New York Belting, etc., Co.*, 148 N. Y. 698; *Grant* v. *Walsh*, 145 N. Y. 502; *Joy* v. *Diefendorf*, 130 N. Y. 6; *Vosburgh* v. *Diefendorf*, 119 N. Y. 357; *Ocean Nat. Bank* v. *Carll*, 55 N. Y. 440; *Hurst* v. *Lee*, 143 App. Div. 614; *Eisenberg* v. *Lefkowitz*, 142 App. Div. 569; *Consolidated Nat. Bank* v. *Kirkland*, 99 App. Div. 121.)

*Henry Epstein* and *Maurice Smith* for respondent. Plaintiff, respondent, established conclusively that she is a holder in due course and a *bona fide* purchaser for value, entitled to recover upon this instrument against the defendant, upon the facts and upon the law. (*Durland* v. *Durland*, 153 N. Y. 67; *Bringman* v. *Von Glahn*, 71 App. Div. 537; *Dutch* v. *McMahon*, 219 App. Div. 203; *Hegeman* v. *Moon*, 131 N. Y. 462; *Magee* v. *Badger*, 34 N. Y. 247; *Hurst* v. *Lee*, 143 App. Div. 614; *Oliner* v. *Goldenberg*, 154 N. Y. Supp. 612; *Cheever* v. *Pittsburg R. R. Co.*, 150 N. Y. 59.)

O'BRIEN, J. Plaintiff purchased from Max Hart a note for $4,185 payable by defendant to the Jeavons Company and purporting to bear that corporation's indorsement by J. L. Huston as treasurer. Two issues of fact were submitted to the jury, first whether defendant gave the note by reason of a false representation of fact upon which he relied, and second whether plaintiff, innocently and in good faith, paid valuable consideration for it. The judgment entered upon the verdict in

plaintiff's favor has been affirmed by a divided court. Our conclusion is that an error of law requires a new trial.

Defendant, residing at Allentown, Penn., fell among thieves in New York. A group of swindlers calling themselves the Julian Trade Finance Corporation arranged with him to give his note to a reputable and financially sound corporation, the Chicago Rubber Clothing Company of Racine, Wis., for $4,185 in return for notes payable to him by the rubber company in an equal amount. His credit was good, but he had already borrowed from his local bank and wished to raise additional funds for the conduct of his business. The band of swindlers represented to him that the rubber company was in the same condition and that an exchange of notes by two reputable business organizations would enable each to extend its credit. The evidence is that Huston and Hart were among those who operated under the name of the Julian Trade Finance Corporation. Upon Huston's assurance that the name of the Chicago Rubber Clothing Company of Racine would be inserted as payee, defendant delivered to Huston his signed note for $4,185 with the payee's name left blank. Instead, the name of the Jeavons Company was inserted and defendant received notes purporting to bear the signature of the Chicago Rubber Clothing Company. This corporation, bearing a name similar to that of the corporation located at Racine, was without credit and its notes were worthless. Hart, from whom plaintiff purchased defendant's note to the Jeavons Company, had been convicted with a man named Fowler for fraud. Plaintiff and Hart had long maintained financial relations and she and Fowler had known each other for several years. It was Fowler who, testifying on the trial of this action, identified the signature of Huston as treasurer of the Jeavons Company purporting to indorse defendant's note. Neither Hart nor Huston appeared as a witness.

Unless the note had been indorsed by the payee, the purchaser acquired no better title than that vested in

the payee and no better than that possessed by Hart. (Negotiable Instruments Law [Cons. Laws, ch. 38], section 79; *G. N. Bank* v. *Bingham,* 118 N. Y. 349, 354, 355.) The Jeavons Company was, according to evidence in this case, a real corporation and Huston was its treasurer. No evidence shows that the corporation was a party to any fraud perpetrated against defendant. For all the record proves, it may have been an honest corporation with a dishonest treasurer. Without its knowledge, its treasurer, acting outside the scope of his authority and in direct contravention of its interests, may have utilized its name in order to promote his personal rascalities. On the other hand, it cannot be assumed as matter of law that the note never was delivered to it in the course of some proper business transaction and that it was not later abstracted from its possession by its treasurer. The record is entirely silent on these subjects and so we are left to surmise. They require proof. No presumption exists that the treasurer of the Jeavons Company was empowered to indorse notes payable to it. (*Jacobus* v. *Jamestown Mantel Co.,* 211 N. Y. 154, 161.) A swindler might use the name of the richest and most solid railroad or industrial corporation in the country as payee for the purpose of accomplishing fraud but an unindorsed note payable to its order would vest a purchaser with no better title than that of a thief. Assuming that the rubber stamp on the back of defendant's note is proved to be that of the Jeavons Company and the signature purporting to be that of J. H. Huston, its treasurer, is proved to have been physically affixed by him, the proof of indorsement by the payee is deficient until evidence is produced which shows that the treasurer was authorized by the corporation to indorse.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgments reversed, etc.