Harry L. Cohen, Inc., a Dissolved Corporation, by Samuel D. Miller, as Trustee for the Benefit of the Creditors and Stockholders of the Dissolved Corporation, Respondent, v. Peoples National Bank of Brooklyn, Appellant.— Action to recover the amounts of two checks dated, respectively, October 14 and November 23, 1925, made by Dunn & Carey to the order of "Harry Cohen," who was president of Harry L. Cohen, Inc., which checks were given for merchandise sold by that corporation to the maker of said checks. Plaintiff claims that the indorsements on the back of the checks were forged by one Brown, who was the payee's bookkeeper and who deposited them in defendant bank, which bank collected said checks from the bank on which they were drawn and, it is alleged by plaintiff, converted the proceeds thereof. The trial court directed a verdict

in plaintiff's favor at the close of the entire case. Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. There was an issue of fact as to the authority of the bookkeeper, Brown, to indorse said checks in the name and on behalf of the payee. It appears that during the period from July 17, 1924, to January 7, 1926, while Brown was bookkeeper for Harry L. Cohen, Inc., he indorsed nine checks, made by one Fogarty and payable to " Harry Cohen," for various amounts, for merchandise sold by Harry L. Cohen, Inc., all of which checks were indorsed by said Brown in the same manner as were the two checks in suit, which nine checks were deposited in and collected by the defendant bank. In our opinion, the exclusion of these nine checks (Defendant's Exhibits for identification, " D " to " L ") and the testimony offered by defendant in respect thereto was reversible error. They may be material on the question of Brown's authority to indorse the two checks in question or as to the ratification of his acts by Harry L. Cohen, Inc. Lazansky, P. J., Carswell and Tompkins, JJ., concur; Young and Hagarty, JJ., dissent and vote to affirm, with the following memorandum: The checks were deposited by Brown with the defendant bank to the credit of an account which he, Brown, opened and maintained with it under the fictitious name of Harry L. Cohen. Proof that the indorsement was by no officer of the plaintiff corporation was sufficient. (*Hoberg* v. *Sofranscy*, 248 N. Y. 141.)