SUNDAIL CONSTRUCTION COMPANY, INC., Respondent, *v.* LIBERTY BANK OF BUFFALO, Appellant.

Fourth Department, December 23, 1936.

*Mark N. Turner* [*Perry E. Wurst, Jr.,* of counsel], for the appellant.

*Hampton H. Halsey,* for the respondent.

TAYLOR, J. The case was tried upon a stipulated set of facts. Judgment has gone against defendant bank under the following circumstances: Plaintiff drew its check to the order of C. D. Blair and delivered it to him. The stipulations show that plaintiff had

an agreement with the payee that the check should not be used by him unless and until a certain business contract had been obtained by C. D. Blair for plaintiff. No such contract was ever brought about and there was no other consideration for the making and delivery of the check. C. D. Blair through an appointee caused the check to be certified, then after certification had the name of the payee changed to " C. D. Blair & Co., Inc.," and caused the check to be delivered for value, unindorsed, to said company. Upon presentation the bank paid the amount of the check to C. D. Blair & Co., Inc. The defendant bank has appealed.

The holder of the check who presented it to defendant and obtained payment did not receive it as negotiable paper, for it was unindorsed (Neg. Inst. Law, § 60), but in the absence of forgery or fraud or something equally grave good title to a check can be passed by mere delivery without indorsement or any other writing. No fraud is claimed. The Negotiable Instruments Law (§ 205) states that " Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration." The law further states in section 206, after five specifications here immaterial, that " any other change or addition which alters the effect of the instrument in any respect, is a material alteration." Was the alteration made " material? " In *First National Bank* v. *Gridley* (112 App. Div. 398) substituting the name of the maker of a note for that of one of the payees in the body of the instrument was held to be material as to an indorser; for the indorser was entitled to have the benefit of the indorsement of the original payee. This is a clear case. Another case readily distinguishable from the instant case is *Booth* v. *Powers* (56 N. Y. 22), in which an alteration of a note by erasing from the body of it the words " to the order of " and inserting the words " or bearer " was held to be material. Sometimes the materiality of an alteration is a matter of doubt. In the case before us I regard the alteration as inconsequential. Even though it may be arguable that when the original payee of the check brought about its transfer through the alteration of the name of the payee without the drawer's consent he participated in a transaction which, because of the method used in its accomplishment, might technically seem to involve forgery — nevertheless, the transfer to C. D. Blair & Co., Inc., was authorized by the payee and barring the matter of equitable defenses the same thing was accomplished as if the payee had indorsed the check as drawn and delivered it to C. D. Blair & Co., Inc. While the instrument in the hands of C. D. Blair & Co., Inc., was as to that holder subject to all equities

existing between the drawer and the original payee (Neg. Inst. Law, § 79; *Goshen Nat. Bank* v. *Bingham*, 118 N. Y. 349, at p. 355), and while there was no presumption of ownership in the then holder as there is in cases of transfer by indorsement (Neg. Inst. Law, § 98), still the drawee bank had notice of nothing which required it to refrain from paying the check to C. D. Blair & Co., Inc., as assignee-holder. By delivering the check to C. D. Blair payable to his order plaintiff enabled the payee to transfer possession and ownership of the check to the ultimate holder either by indorsement and delivery or as it was actually accomplished. The only difference in the result as between the two methods is that C. D. Blair & Co., Inc., took the check subject to equities when possession and ownership through indorsement and delivery would have made C. D. Blair & Co., Inc., a holder in due course. Therefore, plaintiff must look to C. D. Blair, the original payee, for reimbursement instead of to this defendant, which had no knowledge or notice, actual or constructive, that plaintiff had any claim against the original payee of the check which would invalidate it. And it appearing as stated that the transfer to C. D. Blair & Co., Inc., was authorized by the payee and was for value (Neg. Inst. Law, §§ 50, 52), defendant should not be called upon to pay plaintiff. (*Rivenburgh* v. *First Nat. Bank*, 103 App. Div. 64.)

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.